# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| In the Matter of the Search of | ) | |
|---|---|---|
| A black iPhone cellular telephone, assigned DEA Exhibit Number N-33 and seized from 6001 Riverside Boulevard #306, Sacramento, CA, currently in the custody of the DEA in Sacramento, California. | ) ) ) ) ) | Case No. 2:24-sw-0405 CSK |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the \_\_\_\_\_Eastern\_\_\_\_\_ District of \_\_\_\_\_California\_\_\_\_\_, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a), 846 | Conspiracy to distribute and possess with intent to distribute controlled substances |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. § 922(a)(1)(A) | Unlawful dealing in firearms without a license |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☒ Continued on the attached sheet.
- ☐ Delayed notice \_\_\_\_\_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Thomas Wiebold, Special Agent, DEA
*Printed name and title*

Sworn to me and signed telephonically.

Date: April 19, 2024

*Judge's signature*

City and state: Sacramento, California          Chi Soo Kim, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
United States Attorney
ALSTYN BENNETT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of: | CASE NO. |
|---|---|
| A black iPhone cellular telephone, assigned DEA Exhibit Number N-33 and seized from 6001 Riverside Boulevard #306, Sacramento, CA, currently in the custody of the DEA in Sacramento, California. | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A SEARCH WARRANT |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ELECTRONIC DEVICE SEARCH WARRANT

I, Thomas Wiebold, being first duly sworn, hereby depose and state as follows:

**I.   INTRODUCTION**

1.   This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – an electronic device – which is currently in law enforcement possession, and the extraction of that property for electronically stored information.  In particular, the property to be searched is a black iPhone cellular telephone (the "**Target Cell Phone**"), seized from 6001 Riverside Boulevard #306, Sacramento, CA on March 19, 2024, as further described in **Attachment A**, and the items to be seized are the electronically stored information further described in **Attachment B**.

**II.   AGENT BACKGROUND**

2.   I am a Special Agent with the Drug Enforcement Administration (DEA), and have been since April 2022.  Currently, I am assigned to the DEA Sacramento District Office.  Before this posting,

I graduated from the seventeen-week DEA Basic Agent Training Academy in Quantico, Virginia. This training included instruction in the investigation of illicit drug trafficking, including, but not limited to, 21 U.S.C. §§ 841 and 846. Additionally, this training included several hundred hours of comprehensive, formalized instruction in drug identification, detection, and interdiction, financial investigations and money laundering, informant handling, law classes, report writing, seizure and forfeiture of drug related assets, undercover operations, and electronic and physical surveillance procedures. In furtherance of my training as a Special Agent, I have also received additional, specialized instruction and certifications in informant management, financial investigations, license plate recognition technology, California state wire intercepts, illicit hazardous environment response, high-risk warrant service, drug cartel culture, and narcoterrorism. As a DEA Special Agent, I have participated in numerous investigations targeting methamphetamine, cocaine, heroin, and illicit pill traffickers operating in the greater Sacramento area.

3. Before joining the DEA, I served in the United States Army from 2012–2018 as an Infantry Officer assigned to the 75th Ranger Regiment, an Army Special Operations unit. During this time, I served as a Platoon Leader and in other leadership roles in which I was responsible for various units comprising of between 40 and 300 personnel. In this capacity, I became a subject matter expert in resource management, multi-purpose canine handling, informant management, and sensitive intelligence collection. In 2017, I served as the deputy targeting officer in Afghanistan for a Combined Joint Special Operations Task Force. In that position, I was responsible for synthesizing multi-source intelligence for identifying military targets on a dynamic battlefield. As a result of my service, I am well-versed in the use of GPS tracking devices, analysis of satellite imagery, and communications interceptions.

4. During the course of my employment as a DEA Special Agent, I have participated in numerous investigations involving the use of federal and state search warrants to collect evidence, including controlled substances, the seizure of narcotics-related records, and other types of evidence that document the activities of criminal organizations in both the manufacturing and distribution of controlled substances. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources including physical and electronic surveillance, various types of infiltration (including undercover agents and confidential sources), pen register and trap and trace devices, GPS and telephone tracking devices, trash covers, mail covers, pole cameras, stationary video

recording vehicles, audio recording devices, and video recording devices.

5. Through these investigations, my training and experience, and conversations with other agents and law enforcement personnel, I have become familiar with the methods used by organized criminal enterprises, drug trafficking organizations, and criminal street gangs to smuggle and safeguard controlled substances and weapons, to distribute, manufacture, and transport contraband, and to collect and launder related proceeds.

6. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

7. This affidavit is based upon not only my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

8. The facts and information set forth herein are based upon my personal knowledge and observations, observations of other law enforcement personnel, observations of cooperating individuals as related to me and other law enforcement personnel, my review of investigative reports, and discussions with other federal, state, and local law enforcement officials. This affidavit is intended to show only that there is sufficient probable cause for the requested complaints and warrants and does not set forth all of my knowledge about this matter.

9. Based on the facts set forth in this affidavit, there is probable cause to believe that the black iPhone to be searched contains evidence of violations of Title 21 U.S.C. §§ 841 and 846 (conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl), and Title 18 U.S.C. 922(g)(1) (felon in possession of a firearm) committed by Antoine DAVIS and/or other co-conspirators.

3

### III. PROBABLE CAUSE

**A. DAVIS Uses Cell Phone[1] Communication to Coordinate Drug Deals**

10. In November 2022, CS-1,[2] under the direction of agents, utilized a law enforcement monitored Instagram profile to contact the user of Instagram account "bornstunnatwan_30k" regarding drug sales. This account has posted numerous pictures and "stories" showing Antoine DAVIS's face,[3] as well as captions which refer to DAVIS in the first person, leading law enforcement to believe that the primary user of the account is DAVIS. The user of bornstunnatwan_30k provided CS-1 with the cell phone number 916-738-2990. CS-1 later contacted this number at the direction of agents. Along with DAVIS's photographs with references to himself in the first person, and 916-738-2990 subscribed, at the time, in DAVIS's name, agents believe that DAVIS is the user of both the bornstunnatwan_30k Instagram account and, at the time, the cell phone with call number 916-738-2990.

11. Throughout this investigation, law enforcement has utilized confidential sources to purchase drugs from DAVIS on multiple occasions:

---

[1] Throughout this investigation, DAVIS used two phone numbers to communicate. The first was 916-738-2990, which DAVIS used to coordinate the controlled purchases that occurred in January 2023 and February 2023. Ad administrative subpoena served to T-Mobile in January 2023 provided that this phone number was subscribed to the name Antoine DAVIS with a service and billing address of 3818 25th Avenue, Sacramento, CA. During the January 2023 transaction, DAVIS referenced phone conversations between 916-738-2990 and CS-1, further identifying him as the user of the phone number. Later in the investigation, DAVIS began to use the phone number 279-231-5172. Beginning with the March 2023 controlled purchase, DAVIS contacted CS-2 via Instagram and told CS-2 that his phone number was 279-231-5172. Administrative subpoenas served to T-Mobile periodically since March 2023 have revealed that this phone number is subscribed to Kayla Murchison, DAVIS's girlfriend during the investigation, at 5125 La Pamela Way, Sacramento, CA,. Based on my training and experience, I know that drug dealers change their cell phone numbers periodically, and also use phone numbers that are not subscribed to their name and address, in order to avoid detection by law enforcement. Because DAVIS communicated with CS-2 to coordinate a controlled purchase of drugs, and later showed up to that controlled purchase, I believe that DAVIS was the primary user of this cell phone number until his arrest in March 2024.

[2] CS-1 is a current DEA CS, and has assisted DEA and other federal law enforcement with investigations for approximately 4 years. CS-1 is assisting DEA in exchange for financial compensation. CS-1 is currently on California Department of Corrections and Rehabilitation Parole for attempted robbery. CS-1 has provided accurate and reliable information for the duration of the time that CS-1 has been assisting law enforcement, which has led to multiple arrests and search warrants. CS-1 has never been found to provide false information. CS-1 has a prior state felony drug conviction and robbery conviction, and a conviction for misdemeanor assault. Therefore, DEA considers CS-1 to be reliable in this case.

[3] I positively identified DAVIS by comparing these images to a CA Department of Motor Vehicles (DMV) photograph as well as Sacramento County Jail booking photos.

      a)      In January 2023, CS-1 purchased over 40 grams of pills which were confirmed by the DEA lab to contain fentanyl.

      b)      In February 2023, CS-1 purchased two commercial firearms and over 40 grams of pills which were confirmed by the DEA lab to contain fentanyl.

      c)      In March 2023, CS-2[4] purchased over 40 grams of pills which were confirmed by the DEA lab to contain fentanyl.

      d)      In April 2023, CS-2 purchased over 40 grams of pills which were later confirmed by the DEA lab to contain fentanyl.

      e)      In June 2023, CS-2 purchased over 400 grams of pills which were later confirmed by the DEA lab to contain fentanyl.

      f)      In September 2023, CS-3[5] purchased over 40 grams of pills which were later confirmed by the DEA lab to contain fentanyl.

12. In each of the above instances, DAVIS used his cell phone, and apps on his cell phone such as iMessage, FaceTime, and Instagram Messenger via the "bornstunnatwan_30k" account, to set up, discuss and coordinate drug deals with the Confidential Sources leading up to the controlled purchases.

///

///

///

///

---

[4] CS-2 is a current DEA CS, and has assisted DEA and other federal law enforcement with investigations for approximately 1 year. CS-2 is assisting DEA in exchange for financial compensation. CS-2 has provided accurate and reliable information for the duration of the time that CS-2 has been assisting law enforcement, which has led to multiple arrests and search warrants. CS-2 has never been found to provide false information. CS-2 does not have any prior felony convictions or pending criminal cases. Therefore, DEA considers CS-2 to be reliable in this case.

[5] CS-3 is a current Bureau of Alcohol, Tobacco, and Firearms (ATF) CS and has been assisting ATF since 2005. CS-3 has prior felony convictions for robbery, attempted robbery, possession with intent to distribute marijuana and carrying a firearm in furtherance of a drug trafficking offense. CS-3 does not have any known pending criminal cases. CS-3 is currently assisting ATF in exchange for financial compensation. CS-3 has provided accurate and reliable information for the duration of the time that CS-3 has been assisting law enforcement, which has led to multiple arrests and search warrants. CS-3 has never been found to provide false information. Therefore, agents consider CS-3 to be reliable in this case.

**B.     DAVIS, using Instagram Account bornstunnatwan_30k, Advertises Drugs for Sale**

13.     Throughout this investigation, and from my personal observations between March 2023 and March 2024, DAVIS has used his Instagram profile, bornstunnatwan_30k, to post photos and videos to his public-facing "Story" advertising his access to drugs and firearms, and to entice potential customers.  Examples of DAVIS's posts are below:

  

14.     The first image, from a post on February 22, 2024, depicts blue circles with the letter "M" in them.  Based on my training and experience, I know that this image is indicative of fentanyl-laced pills made to look like "M-30" Oxycodone tablets.  The image also depicts boat emojis.  As mentioned previously, I know that a "boat" is common slang that indicates a quantity of 1,000 pills.  Finally, the image depicts an arrow pointing to a phone.  Based on my training and experience, I believe that this depiction is indicative of DAVIS advertising fentanyl-laced pills made to look like "M-30" Oxycodone tablets for sale and requesting that a prospective customer contact him to purchase boats of pills.

15.     The second image, from a post on October 7, 2023, and reposted again on November 10,

6

1  2023 and March 5, 2024, depicts a snowy scene with a cartoon individual shoveling snow on the ground.
2  Based on my training and experience, I know that snowflakes, and other visual representations of snow,
3  are indicative of cocaine.  Similar to the first image, the text "Get up wit me while I'm outside," is an
4  advertisement for cocaine for sale and an instruction for prospective customers to contact DAVIS to
5  purchase cocaine.

6       16.    The third image depicts the phrase "Clean blues online Around."  Based on my training
7  and experience, I know that a reference to "blues" is a reference to fentanyl-laced pills made to look like
8  M-30 Oxycodone tablets.  Based on this message, I believe that DAVIS was advertising "blues" to sell
9  to prospective customers.

10      17.    I have also observed DAVIS post images of firearms to his Story, such as the below:



22      18.    In this image, observed on February 15, 2024, DAVIS has a Glock-style handgun in his
23 lap which is loaded with a high-capacity magazine and is equipped with a machine gun conversion kit,
24 all of which are prohibited for DAVIS to possess based on his prior felony convictions.  While this
25 image does not overtly indicate that DAVIS is attempting to sell the firearm, I believe it is still
26 indicative of DAVIS's proclivity to conduct criminal acts (such as being a felon in possession of a
27 firearm).  Based on my training and experience, I believe that these Instagram Stories show that DAVIS
28 still actively distributes, or attempts to distribute, large quantities of drugs, and is also a felon who

7

continues to possess a firearm despite his prohibited status.

**C.    Federal Search Warrant at 6001 Riverside Boulevard #306, Sacramento, CA**

19.    Based upon the facts developed through the investigation of DAVIS's drug trafficking and firearms related offenses, on March 18, 2024, I secured a federal search warrant for 6001 Riverside Boulevard #306, Sacramento, CA, which DEA and other law enforcement partners served on March 19, 2024.  Upon executing the search warrant, agents found DAVIS inside the residence.  Also discovered inside the residence were approximately 56 gross grams of blue pills stamped with "M-30" markings.  Based on my training and experience, I believe that these blue pills were fentanyl-laced pills made to look like M-30 Oxycodone tablets.  Agents also seized two semiautomatic handguns--a privately manufactured firearm and a Glock 29—from the residence.  Notably, the pills, one of the firearms, and a scale were located inside a backpack in the living room of the apartment, along with a tax document in DAVIS's name.  Based on my training and experience, I know that drugs found in close proximity to a firearm and a digital scale is indicative of drug trafficking. DAVIS was thereafter arrested and the pills and firearms were seized from the apartment as evidence.

20.    Agents also located a black iPhone (the **Target Cell Phone**) in the living room in close proximity to the backpack containing the pills, firearm and scale.  When asked, DAVIS admitted that the **Target Cell Phone** belonged to him.  While Attachment A of the residential search warrant authorized the search of DAVIS's cell phone, the **Target Cell Phone** was locked and agents were unable to search it.  Therefore, the phone was subsequently seized and later booked as a DEA evidence exhibit.

21.    On April 4, 2024, DAVIS was indicted by a federal grand jury on ten counts, including violations of Title 21 U.S.C. §§ 841(a) and 846 (conspiracy to distribute, possession with intent to distribute, and distribution of a mixture or substance containing a detectable amount of fentanyl) and Title 18 U.S.C. 922(g) (felon in possession of a firearm).

### IV.    CONCLUSION

22.    Based on the foregoing, there is probable cause that there is evidence on the **Target Cell Phone** seized from 6001 Riverside Boulevard #306, Sacramento, CA on March 19, 2024, and which DAVIS claimed as his own, of violations of Title 21 U.S.C. §§ 841(a)(1) and 846 (conspiracy to distribute and possession with intent to distribute a mixture or substance containing a detectable amount

8

of fentanyl), and Title 18 U.S.C 922(g)(1) (felon in possession of a firearm), and I request that the Court issue a search warrant for the **Target Cell Phone** under Rule 41 of the Federal Rules of Criminal Procedure.

23. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

/s/
Thomas Wiebold
Special Agent
Drug Enforcement Administration (DEA)

Subscribed and sworn to me telephonically on:

April 19, 2024

THE HONORABLE CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/s/ Alstyn Bennett
Approved as to form by AUSA ALSTYN BENNETT

9

**ATTACHMENT A**

*Item to be Searched*

A black iPhone cellular telephone, assigned DEA Exhibit Number N-33 and seized from 6001 Riverside Boulevard #306, Sacramento, CA on March 19, 2024 ("the Device").  The Device is currently in the custody of the Drug Enforcement Administration in Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Items to be Seized*

This search warrant grants authority to seize all the items set forth below:

1. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the Device identified in Attachment A or on a server and associated with the Device identified in Attachment A, including:

    a. Incoming call history;

    b. Outgoing call history;

    c. Missed call history;

    d. Outgoing text messages;

    e. Incoming text messages;

    f. Draft text messages;

    g. Telephone book;

    h. Emails;

    i. Data screen or file identifying the telephone number associated with the mobile telephone searched;

    j. Data screen, file, or writing containing serial numbers or other information to identify the electronic device searched;

    k. Voicemail;

    l. User-entered messages (such as to-do lists); and

    m. Stored media such as photographs or video.

2. Any passwords used to access the electronic data described above.

3. Any and all locations, addresses, GPS coordinates, names, time/date information, or other electronic data related to addresses and driving directions.

4. All information and records related to violations of 21 U.S.C. § 841(a) (drug trafficking), 21 U.S.C. § 846 (conspiracy to traffic drugs), and/or 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) including but not limited to:

    a. Data and information related to stored applications and/or websites used to communicate with associates and co-conspirators;

    b. Data, information, or documents related to the distribution of controlled substances, including the acquisition, possession, and use of equipment, paraphernalia, and materials used in the distribution process, including firearms;

    c. Data, information, or documents related to the possession of firearms,

    d. lists of customers and related identifying information;

    e. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    f. any information related to sources of drugs or drug manufacturing materials and equipment (including names, addresses, phone numbers, email addresses, or any other identifying information);

    g. any information recording schedule or travel;

    h. all bank records, checks, credit card bills, account information, and other financial records;

    i. data, information, or documents related to the receipt of proceeds from controlled substances distribution and the transfer, investment, control, and disposition of those proceeds;

    j. records of Internet Protocol addresses used;

    k. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    l. any communications related to drug trafficking and/or possession of firearms;

    m. stored media such as photographs or video.

5. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>A black iPhone cellular telephone, assigned DEA Exhibit Number N-33 and seized from 6001 Riverside Boulevard #306, Sacramento, CA, currently in the custody of the DEA in Sacramento, California. | Case No.  2:24-sw-0405 CSK |

**FILED**
Apr 19, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before   May 3, 2024   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   April 19, 2024 at 4:04 p.m.

*Judge's signature* (signed: Chi Soo Kim)

City and state:   Sacramento, California   Chi Soo Kim, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.


_____  _____
Signature of Judge                                           Date

## ATTACHMENT A

*Item to be Searched*

A black iPhone cellular telephone, assigned DEA Exhibit Number N-33 and seized from 6001 Riverside Boulevard #306, Sacramento, CA on March 19, 2024 ("the Device"). The Device is currently in the custody of the Drug Enforcement Administration in Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

*Items to be Seized*

This search warrant grants authority to seize all the items set forth below:

1. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the Device identified in Attachment A or on a server and associated with the Device identified in Attachment A, including:

    a. Incoming call history;

    b. Outgoing call history;

    c. Missed call history;

    d. Outgoing text messages;

    e. Incoming text messages;

    f. Draft text messages;

    g. Telephone book;

    h. Emails;

    i. Data screen or file identifying the telephone number associated with the mobile telephone searched;

    j. Data screen, file, or writing containing serial numbers or other information to identify the electronic device searched;

    k. Voicemail;

    l. User-entered messages (such as to-do lists); and

    m. Stored media such as photographs or video.

2. Any passwords used to access the electronic data described above.

3. Any and all locations, addresses, GPS coordinates, names, time/date information, or other electronic data related to addresses and driving directions.

4. All information and records related to violations of 21 U.S.C. § 841(a) (drug trafficking), 21 U.S.C. § 846 (conspiracy to traffic drugs), and/or 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) including but not limited to:

    a. Data and information related to stored applications and/or websites used to communicate with associates and co-conspirators;

    b. Data, information, or documents related to the distribution of controlled substances, including the acquisition, possession, and use of equipment, paraphernalia, and materials used in the distribution process, including firearms;

    c. Data, information, or documents related to the possession of firearms,

    d. lists of customers and related identifying information;

    e. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    f. any information related to sources of drugs or drug manufacturing materials and equipment (including names, addresses, phone numbers, email addresses, or any other identifying information);

    g. any information recording schedule or travel;

    h. all bank records, checks, credit card bills, account information, and other financial records;

    i. data, information, or documents related to the receipt of proceeds from controlled substances distribution and the transfer, investment, control, and disposition of those proceeds;

    j. records of Internet Protocol addresses used;

    k. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    l. any communications related to drug trafficking and/or possession of firearms;

    m. stored media such as photographs or video.

5. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.